# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBIN MORROW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 02: 09-cv-00744 |
| v. ) | |
| ) | |
| VERIZON PENNSYLVANIA, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

Presently before the Court is the MOTION TO RECONSIDER CLERK OF COURT'S TAXATION OF COSTS, with brief in support, filed by Plaintiff, Robin Morrow (Document Nos. 67 and 68), and the RESPONSE IN OPPOSITION filed by Defendant Verizon Pennsylvania, Inc. (Document No. 70).

For the reasons stated below, the Motion to Reconsider will be granted in part and denied in part.

### Procedural History

Plaintiff, Robin Morrow, initiated this lawsuit on June 10, 2009, by the filing of a Complaint in which she asserted claims against Defendant, Verizon Pennsylvania, Inc., ("Verizon") for allegedly violating her rights to be free of retaliation, discrimination, and interference under the Family Medical Leave Act, 29 U.S.C. §§ 2615(a)(2) and (a)(1) ("FMLA"). On February 22, 2011, the Court granted summary judgment in favor of Verizon finding that Plaintiff had not produced sufficient evidence from which a reasonable factfinder could conclude that Verizon violated her rights to be free from retaliation, discrimination and/or interference under the FMLA.

On March 8, 2011, Defendant filed a Bill of Costs in the amount of $2,841.57. Plaintiff filed Objections to the Bill of Costs arguing that awarding costs to Defendant would result in inequity because (i) her claims were not unfounded, frivolous, or brought or pursued in bad faith; and (ii) taxing her with costs would have a chilling effect on those who believe they have sufficient grounds to take legal action against an employer or former employer.

After careful consideration of the submitted Bill of Costs, the objection and response, and a review of the record, the Clerk of Court on April 21, 2011, issued his Taxation of Costs (Document No. 66). The Clerk of Court determined that Defendant's costs should be taxed in the full requested amount of $2,841.57.

On April 28, 2011, Plaintiff filed the instant Motion to Reconsider Clerk of Court's Taxation of Costs (Document No. 67), to which Defendant has responded (Document No. 70). In addition to the arguments that Plaintiff raised to the Clerk of Court, she now also argues that the Court should deny the taxation of costs against her because she "does not have the financial means to pay for such costs." Br. at 1.

**Standard of Review**

The taxation of costs by the clerk of court is subject to *de novo* review by the district court. Reger v. Nemours Found. Inc., 599 F.3d 285, 288 (3d Cir. 2010).

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Rule, as stated, is mandatory, and creates a "strong presumption" that all costs authorized for payment will be awarded to the prevailing party. *Reger v. Nemours Found. Inc.,* 599 F.3d 285, 288 (3d Cir. 2010) (*quoting In re Paoli R.R. Yard PCB Lit.,* 21 F.3d 449, 461 (3d Cir. 2000)). "The losing party, therefore, bears the burden

of showing why costs should not be taxed against it." *Adams v. Teamsters Local 115*, 678 F.Supp.2d 314, 324 (E.D. Pa. 2007).

> The court may assess the following costs:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1932 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Accordingly, the court may tax only those costs authorized by statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc*., 482 U.S. 437, 444-45 (1987). However, the court has wide latitude to award costs, so long as the costs are enumerated in 28 U.S.C. § 1920, the general taxation-of-costs statute. *Id*. Ultimately, the district court has the discretion to award or deny costs. *See In re Paoli*, 21 F.3d at 458. However, "to overcome the presumption favoring the prevailing party and to deny that party costs, a district court must support that determination with an explanation." *Id*. at 462. "Only if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party." *Id*. at 468.

**Discussion**

As stated *supra*, it is well-settled law that costs are strongly presumed to be awarded to the prevailing party. *Reger*, 599 F.3d at 288-89; *Paoli*, 221 F.3d at 462. Equally settled is the principle of law that the nonprevailing party must persuade the court that an award of costs is inequitable under the circumstances.

In the case *sub judice*, this Court has already determined that Defendant was the prevailing party. Therefore, absent Plaintiff's showing of why an award of costs to Defendant would be inequitable under the circumstances, Defendant is entitled to costs attributed to its prevailing party status.

Plaintiff advances three (3) reasons why costs should not be taxed against her: (i) her claims were not unfounded, frivolous, or brought or pursued in bad faith; (ii) taxing her with costs would have a chilling effect on those who believe they have sufficient grounds to take legal action against an employer or former employer; and (iii) she does not have the financial ability to pay for such costs. The Court finds that the reasons advanced by Plaintiff for denying costs are conclusory and are not sufficiently persuasive to overcome the presumption that Defendant, as the prevailing party, is entitled to an award of costs.

First, as to Plaintiff's argument that her claims were not unfounded, frivolous, or brought or pursued in bad faith, the United States Court of Appeals for the Third Circuit has expressly held that good faith (or lack of bad faith) is <u>not</u> a consideration which would defeat the presumption in favor of awarding costs. *See In re Paoli*, 221 F.3d at 467 ("All parties to a federal action have an obligation to act in good faith and with proper purpose. It follows that noble intentions alone do not relieve an unsuccessful litigant of the obligation under Rule 54(d) to compensate his opponent for reasonable costs.")

Next, even if Defendant is awarded the $2,841.57 in requested costs, the Court finds that such an amount of money is not unreasonable for a case litigated since 2009 will not chill future civil rights litigation.

Finally, the Court finds that Plaintiff has presented no evidence that her alleged financial hardship justifies a denial of the costs. Here, Plaintiff's sworn Affidavit reveals that she began working for Etna Insurance Company approximately eight (8) months after she was terminated by Verizon, although she "earned significantly less money" and that her employment with Etna has ended due to her medical condition, but when her employment with Etna ended is not clear. Plaintiff also states that she is currently unemployed, that she has outstanding bills, and that she owes money to the IRS. Plaintiff's Affidavit at ¶¶ 5, 8. However, Plaintiff has provided no supporting information about the current state of her financial situation. For example, she does not mention whether she collected or is collecting unemployment compensation or social security disability payments, nor does she elaborate on the amount of her debt. Even if Plaintiff were found to be indigent, our appellate court has stated that this fact does not "automatically" entitle plaintiff to a reduction in taxable costs. *In re Paoli,* 221 F.3d at 464 ("[A] party may," however, "be exempted from costs if [s]he is in fact indigent, if [s]he has adduced evidence that [s]he is indigent, and if the district court sees fit to reduce the costs award imposed for reasons of equity.") The Court finds that Plaintiff has not established indigence nor has she explained how the taxation of $2,841.57 would affect her financial condition, if at all.

### Conclusion

The Motion to Reconsider Clerk of Court's Taxation of Costs will be granted to the extent that the Court has reviewed *de novo* the Taxation of Costs and will be denied to the extent

that Plaintiff requests that the costs not be allowed. Accordingly, the Taxation of Costs entered by the Clerk of Court on April 21, 2011, will be affirmed.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBIN MORROW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 02: 09-cv-00744 |
| v. | ) |
| | ) |
| VERIZON PENNSYLVANIA, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER OF COURT

**AND NOW**, this 16th day of May, 2011, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the Motion to Reconsider Clerk of Court's Taxation of Costs is **GRANTED IN PART AND DENIED IN PART** as follows:

  (a) The request that the Court conduct a *de novo* review of the Taxation of Costs issued by the Clerk of Court is **GRANTED**; and

  (b) The request that the claimed costs not be allowed under 28 U.S.C. § 1920(4) is **DENIED**.

The Award of Costs as reflected in the Taxation of Costs issued by the Clerk of Court is **AFFIRMED**.

            BY THE COURT:

            s/Terrence F. McVerry
            United States District Court Judge

cc: Robert V. Barth, Jr.
Clerk of Court
United States District Court for the
Western District of Pennsylvania

Colleen Ramage Johnston, Esquire
Rothman Gordon, P.C.
Email: crjohnston@rothmangordon.com

Nikki Velisaris Lykos, Esquire
Rothman Gordon, P.C.
Email: nvlykos@rothmangordon.com

Catherine S. Ryan, Esquire
Reed Smith  was he s
Email: cryan@reedsmith.com

Kimberly A. Craver, Esquire
Reed Smith, LLP
Email: kcraver@reedsmith.com